IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JEREMY MICHAEL CLINGMAN; and
CHRISTINA LYN CORBETT,

      Plaintiffs,

  v.

WASHINGTON COUNTY; CLACKAMAS
COUNTY; BRANDON THOMPSON, in his
individual capacity; DETECTIVE MARK
PAVOLNY, in his individual and official capacity;
and WASHINGTON COUNTY DISTRICT
ATTORNEY'S OFFICE,

      Defendants.

No. 3:25-cv-01101-AB

OPINION AND ORDER

**BAGGIO, District Judge**:

Pro se Plaintiffs Jeremy Michael Clingman and Christina Lyn Corbett bring this action against Defendants Washington County, Clackamas County, Brandon Thompson ("Judge Thompson"), Detective Mark Pavolny ("Detective Pavolny"), and the Washington County District Attorney's Office, Complaint ("Compl."), ECF No. 1, and seek leave to proceed in forma pauperis, ("Appl. For Leave to Proceed IFP"), ECF No. 3. Plaintiffs have established that they have minimal

1 – OPINION AND ORDER

income and assets. Accordingly, the Court grants their applications for leave to proceed in forma pauperis. As explained below, however, the Court dismisses their Complaint without leave to amend.

## LEGAL STANDARDS

Under the in forma pauperis statute, a court may at any time, including before service of process, dismiss a complaint filed in forma pauperis "if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii); *see also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) ("the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners[.]"). "Dismissal is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). The Court must "construe [a pro se plaintiff's] pleadings liberally and . . . afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (quotation omitted). "Unless it is absolutely clear that no amendment can cure" defects in the complaint, a self-represented "litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

## DISCUSSION

Plaintiffs bring their claims under 42 U.S.C. § 1983, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132, and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794. *See* Compl. ¶¶ 23-48. Plaintiffs allege that Defendants violated their rights by "[f]abricat[ing] [Plaintiff Clingman's] criminal charges based on entrapment and omission of exculpatory evidence[,]"

enforcing retaliatory probation conditions "following protected filings and legal complaints[,]" "[r]eleas[ing] [Plaintiff Clingman's] pretrial mugshot doctored with employment insignia," "[e]nforc[ing] . . . probation conditions without evidentiary justification," and "[w]illful[ly] refus[ing] to accommodate" Plaintiff Corbett's "medical and psychological disabilities[.]" *Id.* ¶¶ 11, 18, 21. As relief, Plaintiffs seek a declaratory judgment that Defendants' conduct violated their rights, and a permanent injunction "prohibiting Defendants from enforcing unconstitutional probation conditions," among other relief. *Id.* at 21. The Court finds that it lacks jurisdiction to hear Plaintiffs' claims. And even if this Court had jurisdiction, several of Plaintiffs' claims must be dismissed for the reasons discussed below.

    **I.**    ***Rooker-Feldman* Doctrine**

"As courts of original jurisdiction, federal district courts have no authority to review the final determinations of a state court in judicial proceedings." *Ignacio v. Judges of U.S. Ct. of Appeals for Ninth Cir.*, 453 F.3d 1160, 1165 (9th Cir. 2006) (quotations omitted). This is known as the *Rooker-Feldman* doctrine, which bars a federal court's direct review of issues actually decided by state courts as well as "claims that amount to nothing more than an impermissible collateral attack on prior state court decisions and are inextricably intertwined with the forbidden appeal." *Dover v. Haley*, No. 3:13-CV-01360-BR, 2013 WL 6190165, at *5 (D. Or. Nov. 26, 2013) (citation modified). "The *Rooker-Feldman* doctrine applies even when the challenge to the state-court decision involves federal constitutional issues, including those anchored in federally protected rights to due process and equal protection." *Silver v. Mitchell*, No. CV-11-92-HZ, 2011 WL 2679011, at *3 (D. Or. June 30, 2011) (quotations omitted).

Here, Plaintiffs ask this Court to essentially review and enjoin Judge Thompson's decision to impose certain probation conditions following Plaintiff Clingman's state court conviction.

Compl. at 21. Plaintiffs' claims stem from their beliefs that Plaintiff Clingman's probation conditions violate Plaintiff Corbett's ADA rights. *Id.* ¶¶ 17, 18; *cf. Silver*, 2011 WL 2679011, at *3 (finding an action that attempts to undercut a state court judge's prior judgment is barred by the *Rooker-Feldman* doctrine). And that these conditions are the product of a state court conviction obtained in violation of the law because the prosecutors omitted exculpatory evidence and released a pretrial mugshot. *Id.* ¶¶ 15, 16, 20; *cf. Sines v. Hummel*, No. 6:20-CV-00432-MC, 2020 WL 5657888, at *1 (D. Or. Sept. 23, 2020) (dismissing a claim that stems from a plaintiff's belief that prosecutors violated the law while prosecuting him under the *Rooker-Feldman* doctrine). Because Plaintiffs' claims are "inextricably intertwined with the forbidden appeal" of Judge Thompson's judgment on Plaintiff Clingman's probation conditions, this Court lacks subject matter jurisdiction. *Dover*, 2013 WL 6190165, at *5. Plaintiffs' claims must therefore be dismissed with prejudice.

## II. *Heck* Rule

Even if this Court had jurisdiction to hear Plaintiffs' claims, their § 1983 claims are barred under *Heck v. Humphrey*, 512 U.S. 477 (1994) ("*Heck* rule"). The *Heck* rule bars § 1983 claims that necessarily implicate the validity of a conviction unless that conviction has been invalidated, or the criminal proceeding has otherwise terminated in the plaintiff's favor. 512 U.S. at 486-87; *Lemos v. Cnty. of Sonoma*, 40 F.4th 1002, 1005 (9th Cir. 2022). Here, Plaintiffs' § 1983 claims allege that Plaintiff Clingman was wrongly convicted due to entrapment, the omission of exculpatory evidence, and the release of his pretrial mugshot—allegations that necessarily implicate the validity of his conviction. *See* Compl. ¶¶ 11, 39, 44. Because Plaintiff Clingman's conviction has not been invalidated or vacated, *see id.* ¶ 11 (indicating that Plaintiff is still on probation for his conviction), Plaintiffs cannot bring a civil claim seeking damages for Defendants'

conduct. *Lemos*, 40 F.4th at 1005. As such, Plaintiffs' § 1983 claims must be dismissed with prejudice.

### III.  Judicial Immunity

Any claims that Plaintiffs bring against Judge Thompson must also be dismissed because he is entitled to absolute judicial immunity. Judicial immunity "is an immunity from suit," and it "is not overcome by allegations of bad faith or malice[.]" *Mireles v. Waco*, 502 U.S. 9, 11 (1991). "A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). Even though Plaintiffs allege that Judge Thompson acted in bad faith, Compl. ¶ 8, Plaintiffs' claims against him appear to arise solely from his enforcement of certain probation conditions on Plaintiff Clingman, a judicial act. *Id*. ¶¶ 44, 53. As such, Judge Thompson is entitled to judicial immunity, and Plaintiffs' claims against Judge Thompson must be dismissed as frivolous.

### IV.  Res Judicata

Finally, the Court notes that Plaintiff Clingman has filed at least one Complaint in this District that seemingly mirrors the allegations alleged here, and that has been dismissed with prejudice. *See Clingman v. Wash. Cnty. Sheriffs Office*, No. 3:24-cv-01925-MTK (dismissing with prejudice similar claims against the Washington County Sheriff's Office and Detective Pavolny). To the extent Plaintiffs' claims against Detective Pavolny mirror claims that have already been dismissed, the Court finds that they are barred by the doctrine of res judicata and dismisses those claims with prejudice. *See Parklane Hosiery Co. v. Shore,* 439 U.S 322, 326 fn.5 (1979); *see also Denton v. Hernandez*, 504 U.S. 25, 34 (1992) (stating that a dismissal under the in forma pauperis

5 – OPINION AND ORDER

statute "could . . . have a res judicata effect on frivolousness determinations for future *in forma pauperis* petitions.").

## CONCLUSION

Plaintiffs' in forma pauperis application, [3], is GRANTED, however their Complaint, [1], is DISMISSED with prejudice. All pending motions, if any, are denied as moot.

IT IS SO ORDERED.

DATED this  30th  day of July, 2025.

*Amy M. Baggio*
_____
Amy M. Baggio
United States District Judge